UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE LANE,

    Plaintiff,

    v.    CAUSE NO.: 3:18-CV-011-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Willie Lane, a prisoner without a lawyer, has filed a complaint regarding his medical pass for a low floor cell assignment. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lane alleges that he has a chronic leg injury that prevents him from climbing stairs. As a result, the medical staff has provided him with a medical pass for a low floor cell assignment. In October 2017, while Lane was in segregation, Assistant Warden Payne moved the segregation unit to the fourth and fifth floors. On November 15, 2017,

Lane wrote to Warden Neal to request a low floor cell.[1] Warden Neal consulted with Unit Team Manager Dawn Buss, who falsely informed Warden Neal that Lane did not have a medical pass. Lane informed Unit Team Manager Buss of this error, but she refused to move him to a different cell. On November 17, 2017, Lane informed Warden Neal of this error, and Warden Neal asked Lane to provide a copy of the medical pass.

Lane alleges a claim of deliberate indifference to serious medical needs against all defendants. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, the complaint does not suggest that Assistant Warden Payne was personally aware of Lane's inability to climb stairs. Additionally, the allegations against

---

[1] The court has considered the exhibits attached to the complaint, which are "a part of the pleadings for all purposes." Fed. R. Civ. P. 10(c).

Warden Neal consist of allegations that he consulted with Lane's unit team manager and requested a copy of the medical pass. These allegations do not describe deliberately indifferent conduct. *See Davis-Clair v. Turck*, 2018 WL 1287408, at *2 (7th Cir. 2018) ("An official who responds reasonably to a risk of harm is not deliberately indifferent to it even if the official fails to avert the harm."). However, Lane adequately states a claim of deliberate indifference against Unit Team Manager Buss for providing Warden Neal with false medical information and refusing to move Lane to a low floor cell.

For these reasons, the court:

(1) GRANTS Willie Lane leave to proceed on a claim against Dawn Buss in her individual capacity for money damages for preventing Lane from moving to a low floor cell in violation of the Eighth Amendment;

(2) DISMISSES Ron Neal and G. Payne;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dawn Buss at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dawn Buss respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Willie Lane has been granted leave to proceed in this screening order

SO ORDERED on March 20, 2018.

    /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT