UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE LANE,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-011-JD-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Willie Lane, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Dawn Buss for acting with deliberate indifference to his chronic leg injury by preventing him from moving to a cell on the first or second floor. Buss filed the instant motion for summary judgment, arguing that she did not act with deliberate indifference because, when she consulted with the medical unit, she was informed that Lane did not have a medical pass for a low floor cell.

Buss also provided Lane with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 29. The notice informed Lane of the importance of filing a response. It advised that, unless he disputed the facts presented by Buss, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Lane did not file a response.

FACTS

According to the complaint (ECF 1), Lane has a chronic leg injury that prevents him from climbing stairs. As a result, the medical staff has provided him with a medical pass for a low floor cell assignment. In October 2017, while Lane was in segregation, Assistant Warden Payne moved the segregation unit to the fourth and fifth floors. On November 15, 2017, Lane wrote to Warden Neal to request a low floor cell. Warden Neal consulted with Dawn Buss, a unit team manager who falsely informed Warden Neal that Lane did not have a medical pass. Lane informed Buss of this error, but she refused to move him to a different cell. On November 17, 2017, Lane informed Warden Neal of this error, and Warden Neal asked Lane to provide a copy of the medical pass.

In support of the motion for summary judgment, Dawn Buss submitted declarations and a transcript of Lane's deposition. At deposition, Lane testified that he spoke with Buss on a single occasion in October 2017:

> **Defense Counsel:** Have you ever spoken directly with Dawn Buss?
>
> **Lane:** Uh-huh. Yes. I mean, excuse me. Yes.
>
> **Defense Counsel:** And when was that?
>
> **Lane:** I know she came on the range one day and I asked her, I asked her, I said, "Ms. Buss, you know I supposed to be on [the first or second floor]." She said, "Well, I ain't got nothing to do with that. I already know what you're going to say. [The disciplinary unit is on the fourth and fifth floors] now so I don't want to hear it."
>
> I really got upset about the way she brushed me off, but I just went ahead and I said okay. So I just filed a grievance then. I didn't say nothing else to her. So when I wrote to Ron Neal about it, he told me to send him some paperwork showing him that he has a [low floor pass], and he will correct it.

ECF 27-1 at 20, 30. On December 15, 2017, Lane was reassigned to a cell on the first floor. *Id.* at 26.

In a sworn declaration (ECF 27-3), Buss attests that she is a unit team manager at the Indiana State Prison. Medical staff may issue medical passes to inmates for a cell assignment on the first or second floors. Inmates are given a paper copy of medical passes to show correctional staff. On October 20, 2017, Buss moved inmates in the disciplinary segregation unit to the fourth and fifth floors of D Cell House. This included moving Lane, who was in disciplinary segregation at that time, from the fifth floor to the fourth floor. Lane told Buss that he had a medical pass but did not show it to her upon request. Buss asked medical staff about whether Lane had a medical pass, and they responded that he did not.

In another sworn declaration (ECF 27-2), Christine Rossi attests that she is a nurse at the Indiana State Prison and has reviewed Lane's medical records. Medical staff has issued Lane medical passes for a cell assignment on the first or second floor, and he currently has one that expires on July 29, 2019. Occasionally, these medical passes are allowed to expire with some delay before they are renewed, and Lane did not have a medical pass from November 3, 2016, to November 14, 2017.

## STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a

3

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

## ANALYSIS

Lane asserts that Buss acted with deliberate indifference to his inability to climb stairs by refusing to move Lane to a cell on a lower floor and by informing the Warden that he did not have a medical pass. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994.) A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain,

4

and that significantly affects the person's daily activities or features chronic and substantial pain. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Buss argues that she is entitled to summary judgment because she did not act with deliberate indifference to Lane's medical needs but instead responded reasonably to his request for a low floor assignment by seeking the advice of medical staff.

> If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). According to the undisputed evidence, when Lane raised his concerns about the housing assignment, Buss consulted the medical unit about whether Lane had a medical pass for a low floor assignment, and the medical unit informed her

that he did not. Though Buss may have been able to do more to assist Lane, nothing in the record suggests that she intentionally disregarded his medical needs. Rather, the record unequivocally indicates that she acted reasonably by seeking and relying on the advice of the medical staff. Therefore, the motion for summary judgment is granted with respect to the Eighth Amendment claim against Buss, and there are no remaining claims in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 27);

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on April 24, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT